IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MICHAEL DRING, et al.         *

    Plaintiffs,            *

            v.            *   CIVIL NO.: WDQ-12-2344
                          CIVIL NO.: WDQ-12-2345
                      *   CIVIL NO.: WDQ-12-2346
MICHELLE FAUST, et al.        *

    Defendants.            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Michael Dring, Vergil White, Jr., and Bobby Smith (collectively, the "plaintiffs") sued Michelle Faust and T-Netix Telecommunications Services, Inc. ("T-Netix") (collectively, the "defendants") for alleged defects in their prison telephone service. Pending are the defendants' motions to consolidate and to dismiss for insufficient service of process and failure to state a claim. Also pending are White's and Smith's motions for extensions of time. For the following reasons, the defendants' motions to consolidate and to dismiss for insufficient service of process will be granted. White and Smith's motions for extension of time will be denied as moot.

I.   Background[1]

The plaintiffs are incarcerated at the Western Correctional Institute ("WCI") in Cumberland, Maryland.  *See* ECF No. 2  They allege that the defendants are improperly interfering with their telephone calls in violation of Md. Code Regs. 12.02.14.01(C)(1) and T-Netix's contract with Maryland.  ECF No. 2.  In May 2012,[2] the plaintiffs filed suit in the Circuit Court for Allegany County, Maryland, seeking $100,000 in damages and declarations clarifying T-Netix's contract with Maryland and that the plaintiffs are entitled to telephone rights.  *Id.*  On August 7, 2012, the defendants removed to this Court.  ECF No. 1.

On August 16, 2012, the defendants moved to consolidate the cases and to dismiss for failure of service and for failure to state a claim.  ECF Nos. 6, 7.  On September 6, 2012, White and Smith sought extensions of time to file their oppositions until September 14, 2012.  WDQ-12-2345 ECF No. 11, WDQ-12-2346 ECF No. 10.  None of the plaintiffs has filed a response.

---

[1] The facts are drawn from the complaint and the motion to dismiss.  All citations are to WDQ-12-2344 unless otherwise indicated.

[2] Dring signed his complaint on May 11, White on May 10, and Smith on May 18, 2012.  WDQ-12-2344, ECF No. 2 at 3, WDQ-12-2345 ECF No. 2 at 3, WDQ-12-2346 DCF No. 2 at 3.

2

II.  Analysis

   A.   Motions To Consolidate

The defendants seek consolidation of the three cases. Federal courts possess inherent authority to consolidate actions that arise out of the same controversy.[3] "Cases need not share complete identity of law or facts for consolidation to be appropriate." *Leonard v. Stemtech Int'l, Inc.*, No. 12-86-LPS-CJB, 2012 WL 3655512, at *11 (D. Del. Aug. 24, 2012). The decision to consolidate is "necessarily committed to trial court discretion." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982). When exercising this discretion, district courts should

> weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

*In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (*citing Arnold*, 681 F.2d at 193). Because the factual and legal issues in the three cases are virtually identical, consolidation is appropriate. *See, e.g.*, WDQ-12-2344 ECF No. 2,

---

[3] *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); Fed. R. Civ. P. 42(a)(2); *see also Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (stating that policies of judicial economy generally favor the consolidation of related actions).

WDQ-12-2345 ECF No. 2, WDQ-12-2346 ECF No. 2.  The motion will be granted.

B.   Motions to Dismiss

The defendants seek dismissal because the plaintiffs failed to properly serve them.  *See, e.g.*, ECF No. 7-1 at 8-10.  On a motion to dismiss for improper service of process, the proponent of the service bears the burden of establishing its validity.[4]  The plaintiffs have not responded.

When a defendant has actual notice of the action, "the rules . . . are entitled to a liberal construction. . . . But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored."  *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).  "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant."  *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).  Removal to federal court does not waive an objection to service of process.[5]

---

[4] *See* Fed. R. Civ. P. 4(*l*)(1); 5B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1353.

[5] *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929); 4A Charles Alan Wright et al., *Federal Practice and Procedure* § 1082.

Under the Maryland Rules,[6] service may be effected by personal delivery to the defendant, delivery at the dwelling house to a person of "suitable age and discretion," or mailing certified mail, restricted delivery.  Md. Rule 2-121(a). Service of a corporation may be made "by serving its resident agent, president, secretary or treasurer."[7]  *Id.* 2-214(d).

The defendants assert that service on T-Netix was attempted at 28859 Waller Rd., Delmar, MD 21875,[8] the home of an employee who is not Faust or anyone authorized to receive service under Rule 2-124(d).  ECF No. 7-1 at 8-9.  Similarly, they assert that service was attempted on Faust, who is currently on indefinite medical leave, at WCI, where the plaintiffs are incarcerated. ECF No. 7-1 at 9-10.  The plaintiffs have not submitted any evidence about service.

Neither of these asserted service locations is permissible under the Maryland Rules.  *Cf.* Md. Rule 2-121(a), 2-124(d).

---

[6] As these cases were originally brought in a Maryland court, the Maryland service rules apply.  See *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).

[7] "[I]f a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process."  Md. Rule 2-124(d).

[8] This address is confirmed on the docketed unexecuted summons. ECF No. 3.

Liberal construction of the rules will not aid the plaintiffs; the methods of purported service are far removed from permissible service. Accordingly, service was not proper on either defendant. The defendants' motion will be granted for insufficient service of process.

C. Motions for Extensions of Time

White and Smith sought extensions of time until September 14, 2012, to file their oppositions. WDQ-12-2345 ECF No. 11, WDQ-12-2346 ECF No. 10. That date has long passed, and neither plaintiff has filed any additional documents. Accordingly, the motions will be denied as moot.

III. Conclusion

For the reasons stated above, the motions to consolidate will be granted. The motions to dismiss will be granted for insufficient service of process. White's and Smith's motions for extensions of time will be denied as moot.

2/21/13
Date

William D. Quarles, Jr.
United States District Judge

6